STEWART v. SCOTT

---

(July 14, 1927. Opinion and Decree.)

---

(Syllabus by the Court)

1.  Louisiana Digest—Sales—Par. 218.

Where a vendor is advised, by the vendee, of the particular purpose for which the article sold is bought, the vendor impliedly warrants the thing sold as fit for the use intended.

Appeal from First City Court, Division "C". Hon. Wm. V. Seeber, Judge.

Action by Samuel B. Stewart against Natalie Scott.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Louis E. Jung, of New Orleans, attorney for plaintiff, appellant.

R. B. Montgomery, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This ·is a suit for $180.00, the purchase price of a "Heatrola". Defendant avers that there was a failure of warranty. From a judgment for defendant plaintiff appeals.·

The record discloses that defendant was attracted to plaintiff's "heatrola" by a newspaper advertisement; that she communicated with plaintiff, who sent a representative to her home; that defendant explained to the representative that she desired to place the "heatrola" in her living room; that defendant was informed by the representative that it could not be placed in the living room but could be installed in the dining room; that defendant expressed apprehension concerning the probability of scorching the dining room furniture but, upon being reassured, consented to have the "heatrola" put in the dining room. A contract was entered into whereby plaintiff ·supplied and installed the "heatrola". A short while after the installation defendant's furniture was scorched and a fire occurred in the chimney to which the "heatrola" had been attached.

It is plaintiff's contention that the fire was caused by a defect in the chimney, for which it can not be held responsible, and, as to scorching the furniture, the heatrola had nothing to do with it. How could plaintiff know that the flue was defective, counsel asks. We answer that plaintiff could have determined whether the flue was good or bad before attaching this heater. If he could not have done so, except at prohibitive expense, he should have advised defendant, before she bought this heater, of that fact. But he can not escape responsibility, after inducing defendant to believe that the dining room chimney was suitable for use in connection with this heater. Defendant knew less about the chimney than plaintiff. She wanted the heatrola put in the living room but yielded to plaintiff's advice to put it in the dining room, upon the assumption that the flue in the dining room was good enough. Plaintiff was under contract to install the heater. He should have satisfied himself as to conditions before undertaking this obligation. The fact that the heatrola itself functioned properly is immaterial, if it would not do so under the conditions which defendant informed plaintiff she intended to use it. If defendant had ordered a heatrola from plaintiff and instructed him to attach it to the dining room chimney, there would be some basis for plaintiff's contention. What defendant did was to acquaint plaintiff with her wishes, and, relying upon his assurances, contracted with him to install his heatrola in the dining room, by attaching it to the dining room chimney, which plaintiff, impliedly at least, warranted would be a proper connection. Where a vendor is informed of the particular purpose for which the vendee buys, he will be held to an implied warranty that the article sold is fit for the use intended. The doctrine of caveat emptor has never been recognized in Louisiana.